IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


PAUL N. TRICHELL                                                  Plaintiff

v.                              5:08CV00146 JLH/HLJ

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                         Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge J. Leon Holmes.  The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection.  The objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations.  A copy must be served on the opposing party.  The District Judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, Paul N. Trichell, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for Disability Insurance benefits and Supplemental Security Income, based on disability.  Both parties have submitted appeal briefs and the case is ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the

record as a whole and free of legal error.  Slusser v. Astrue, 557 F.3d 923, 925 (8th Cir. 2009); Long v. Chater, 108 F.3d 185, 187 (8th Cir. 1997); see also, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Reynolds v. Chater, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  Sultan v. Barnhart, 368 F.3d 857, 863 (8th Cir. 2004); Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A); 1382(a)(3)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3) & 1382c(a)(3)(D).

Plaintiff alleged that he was limited in his ability to work by cerebral palsy in both legs, bipolar disorder, the wearing away of the cartilage in his knees, back problems and carpal tunnel syndrome. (Tr. 84)  The Commissioner found that he was not disabled within the

meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the Act is supported by substantial record evidence.

After conducting an administrative hearing, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through October 27, 2006, the date of his decision.  (Tr. 18)  On March 21, 2008, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner.  (Tr. 4-6)  Plaintiff then filed his complaint initiating this appeal.  (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 31 years old at the time of the hearing.  (Tr. 164)  He completed the tenth grade in school and later obtained his General Equivalency Diploma.  (Tr. 164)  He has some college hours.  (Tr. 78, 164)  He has past relevant work as a cook and construction worker.  (Tr. 67-73, 85-86, 165)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process.  The first step involves a determination of whether the claimant is involved in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i) (2006).  If the claimant is, benefits are denied,

---

[1]The Hon. Donald R. Rebsamen.

3

regardless of medical condition, age, education or work experience. Id. at §§ 404.1520(b); 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. Id. at §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If not, benefits are denied. Id. A "severe" impairment significantly limits a claimant's ability to perform basic work activities. Id. at §§ 404.1520(c); 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment. Id., §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If so, and the duration requirement is met, benefits are awarded. Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made. Id., §§ 404.1520(a)(4); 416.920(a)(4). This residual functional capacity assessment is utilized at Steps 4 and 5. Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work. Id., §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If so, benefits are denied. Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. Id., §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If so, benefits are denied; if not, benefits are awarded. Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. (Tr. 13) He found

that Plaintiff had "severe" impairments, a history of cerebral palsy and a history of bipolar disorder.  Id.  The ALJ found he did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 14)  He judged that Plaintiff's allegations regarding his limitations were not totally credible.  (Tr. 15)

The ALJ found that Plaintiff retained the residual functional capacity for a wide range of sedentary work.  (Tr. 16)  He found that he was unable to perform any of his past relevant work.  Id.  The ALJ correctly noted that, once Plaintiff was determined to be unable to perform his past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his residual functional capacity, age, education and past work.  Id.  Based on the testimony of a vocational expert witness in response to a hypothetical question, the ALJ found that there were a significant number of jobs in the economy which Plaintiff could perform, notwithstanding his limitations, for example, a bookkeeping/accounting clerk.  Id.  Thus, the ALJ concluded that Plaintiff was not disabled.  (Tr. 17)

Plaintiff argues that the ALJ's decision that he could perform other jobs that existed in significant numbers in the economy was not supported by substantial evidence in the record as a whole.  (Br. 10-16)  He contends that the ALJ provided almost no specific reasoning in support of his residual functional capacity determination.  (Br. 10-11)  A fair reading of the ALJ's opinion leads to a different conclusion.  (Tr. 13-16)  He noted that the record contained little evidence of medical treatment.  (Tr. 13)  He discussed the results of

a consultative neurological examination. Id. He discussed the results of a consultative psychological examination. (Tr. 14) He set out the psychiatric review technique. Id. He discussed Plaintiff's credibility. (Tr. 14-15) He observed that Plaintiff took no pain medication. (Tr. 15) He discussed his activities of daily living, including taking care of his one year-old son during the day. Id. He noted inconsistencies between the medical evidence and his allegations and even inconsistencies between his testimony and written reports. Id. He also noted the opinions of Disability Determination Services medical and psychological personnel who reviewed the medical evidence. (Tr. 15-16)

The ALJ must determine the claimant's residual functional capacity based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his limitations. Tellez v. Barnhart, 403 F.3d 953, 957 (8th Cir. 2005); Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001). The ALJ's residual functional capacity determination is well supported by the record as a whole.

Plaintiff asserts that the ALJ failed to meet his burden. (Br. 11) Plaintiff's argument seeks to place the burden of proof on the Commissioner. It is the claimant's burden, and not the Social Security Commissioner's burden, to prove the claimant's residual functional capacity. Goff v. Barnhart, 421 F.3d 785, 790 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Masterson v. Barnhart, 383 F.3d 731, 737 (8th Cir. 2004); Baldwin v.

Barnhart, 349 F.3d 549, 556 (8th Cir. 2003); Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000); Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995).

Plaintiff also argues that the hypothetical question to the vocational expert was inadequate because it did not include limitations caused by his hands cramping. (Br. 13-16) Plaintiff testified that if he wrote too long (more than an hour or two), his hand would cramp. (Tr. 167) However, there is no medical evidence backing up that testimony. Physical examination revealed that he could hold a pen and write, touch fingertips to palm, oppose thumb to fingers and pick up a coin. (Tr. 94)

Patricia A. Knott, M.D., examined Plaintiff neurologically. (Tr. 149-52) She also completed a Medical Assessment of Ability to do Work-related Activities (Physical). (Tr. 153) On that assessment, she indicated that Plaintiff could frequently[2] use his hands to simply grasp, perform fine manipulation, handle objects, feel objects, push/pull/operate controls and reach. Id. The hypothetical question posed to the vocational expert was proper. Substantial evidence supported the inclusion of certain impairments and the exclusion of others. See Stout v. Shalala, 988 F.2d 853, 855 (8th Cir. 1993)(hypothetical may omit evidence not substantially supported by record as a whole); Rappoport v. Sullivan, 942 F.2d 1320, 1323 (8th Cir. 1991)(hypothetical question need only include

---

[2]Defined on the form as one-third to two-thirds of the time. (Tr. 153)

7

impairments accepted by ALJ as true).

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 26th day of August, 2009.

*Henry L. Jones, Jr.*
UNITED STATES MAGISTRATE JUDGE